IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

John Martinez,  )
                )
      Plaintiff, )
                )
      v.        )   No. 08 C 2601
                )
Tammy Garcia, et al., )
                )
      Defendants. )

MEMORANDUM OPINION AND ORDER

John Martinez ("Martinez") has just tendered a self-prepared Complaint under 42 U.S.C. § 1983 ("Section 1983"), complaining of the assertedly protracted and egregious violation of his Eighth Amendment rights as defined by the seminal decision in Estelle v. Gamble, 429 U.S. 97 (1976) and its extensive progeny. But Martinez' Complaint suffers a threshold procedural deficiency: He has neither paid the $350 filing fee nor followed the procedure marked out by 28 U.S.C. § 1915[1] for any prisoner who seeks to proceed without such payment because of his financial inability to bear that cost.

On the assumption that the latter is the case, this Court is contemporaneously transmitting to Martinez several copies of an In Forma Pauperis Application ("Application") form, to be completed by him and returned promptly together with a printout showing all transactions in his trust fund account at Stateville

---

[1] All further references to Title 28 provisions will simply take the form "Section --."

Correctional Center (where he is in custody) during the six-month period from November 1, 2007 through April 30, 2008. Because this action cannot go forward as an active case until Martinez pursues one of the alternative possibilities referred to in the preceding paragraph, this Court expects to act on the Application and accompanying printout promptly after receiving them.[2]

In the meantime, however, the situation described in Martinez' detailed Complaint narrative is truly shocking. This is not just a matter of accepting Martinez' allegations as true for purposes of the preliminary screening called for by Section 1915A - instead it is borne out by the copies that Martinez has attached to his Complaint reproducing his repeated grievance forms and the responses (perhaps more accurately nonresponses) that have been given to his pleas for medical treatment.

What those documents reflect is that Martinez received the benefit of back surgery at the University of Illinois Medical Facility to remove a slipped disc that had been causing him pain by pressing on the sciatic nerve on the lower right side of his back. Although his <u>right</u> side was thus rendered pain-free,

---

[2] If Martinez does qualify for in forma pauperis treatment and also wishes to obtain the services of an appointed counsel to represent him, he will have to complete this District Court's proscribed form of Motion for Appointment of Counsel, copies of which are also being transmitted to him. In that respect Martinez should give special attention to the need to respond to paragraph 2 of that form, which requires a statement of whatever efforts he has made to obtain counsel on his own.

Martinez later -- and repeatedly -- complained of excruciating pain on the lower _left_ side of his back, accompanied by sharp abdominal pains and blood in his stools. In "response" to Martinez' November 2006 grievance form limning that new problem, Stateville's Medical Director Dr. Partha Ghosh said simply:

> The offender had his back taken care of including the back surgery at University of Illinois. His other problem has been addressed by the health care providers. He was prescribed proper medications on 10/13/06 at MD sick call.

But that reference to Martinez' "other problem [having] been addressed by the health care providers" was a euphemism, for it did _not_ at all denote any professional examination and evaluation. To the contrary, here is how Complaint ¶ 6 -- which might not only be credited for current purposes but is entirely consistent with the above-quoted "response" and with all later nonresponses from Dr. Ghosh and others -- reads:

> 6. Plaintiff explained to Dr. Williams and Dr. Ghosh that he is in severe pain. Plaintiff tried to explain to both Doctors that he has been submitting sick call slips in attempt to see a Doctor for severe back and abdominal pains, but the request slips go unanswered. Both defendants Dr. Williams and Dr. Ghosh joked about my condition. Dr. Ghosh then asked plaintiff "where do you think your at? This ain't have it your way" Dr. Ghosh then said, I will prescribe you some pain medication for your back and some medication for your abdominal pain." But don't write anymore request slips because me and my staff will not answer them." He then claimed that he spent enough money on plaintiff. Referring to the surgery performed on February 10, 2006.

If Dr. Ghosh (or any other person who is at liberty) had himself experienced like symptoms and had voiced a like complaint, only to receive such a flippant response from some

3

medical practitioner, he would have had the opportunity to go elsewhere to seek the needed medical treatment -- to say nothing of perhaps turning to the licensing authorities to challenge the right of the author of such a callous response to enjoy the privilege of practicing medicine. But a prisoner such as Martinez has neither freedom of movement nor freedom of choice. To characterize the conduct set out in the Complaint as the type of "deliberate indifference" that meets the Estelle v. Gamble test would seem an understatement.

But more to the point -- and whether or not Martinez' action will ultimately be successful in terms of sustaining a claim for damages and other relief -- at a minimum he is entitled to a medical evaluation rather than the flat-out turndowns that he has received until now on such specious grounds. Indeed, after Martinez' repeated efforts over an extended period finally succeeded in getting someone in authority to look at his problem in a professional way, he received the attached statement from Registered Nurse Carol Vance (there is no identification of the physician to whom Nurse Vance spoke). But despite that promise by Nurse Vance, no medical appointment has been forthcoming in the several months since she wrote at the beginning of 2008.

Because of such continued inattention to Martinez' pleas for relief, a copy of this opinion is being transmitted to Assistant Attorney General Andrew Lambertson, who has shown himself to be a

responsible (and responsive) representative of the Attorney General's Office in a number of other cases on this Court's calendar.[3] It is not expected that AAG Lambertson will necessarily take this matter on himself (the assignment of cases is of course a decision for the Attorney General's Office). Instead this Court hopes that he will promptly take whatever steps are necessary to have the case assigned to some responsible AAG - and more importantly, that the assigned AAG will act immediately (before turning to the preparation of a responsive pleading or other legal proceedings) to enable Martinez to get the promised medical examination and evaluation to which he (like anyone else in the same situation) is entitled.

                                        *[signature]*
                                   Milton I. Shadur
                                   Senior Untied States District Judge

May 9, 2008

---

[3] This action is being undertaken advisedly in the interest of justice, even in advance of Martinez' payment of the $350 filing fee (which seems unlikely) or of his submission of materials that would qualify him for in forma pauperis status.

GRIEVANCE

01-02-08

John Martinez
R 13264
Dated: 12-09-07


I investigated this grievance.
I/M grieves that he has a stomach and back problem.
Claims that past treatment has not been working.


I reviewed his chart.
I spoke with the physician.
The physician feels that he should be seen and accordingly an appointment will be made for him to come to HCU.


I trust this will be of help to him.


Thank you,

*C. Vance, NCUA*

C. A. Vance, RN, MSN, HCUA