```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

JOHN MARTINEZ,                    )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No.  08 C 2601
                                  )
TAMMY GARCIA, et al.,             )
                                  )
               Defendants.        )

## MEMORANDUM

Wendy Olson-Foxon ("Olson-Foxon"), one of the defendants in this 42 U.S.C. §1983 action brought by Stateville Correctional Center inmate John Martinez ("Martinez"), has filed her Answer to Martinez's Amended Complaint ("AC"). This memorandum order is issued sua sponte to address two problematic aspects of that responsive pleading.

First, Olson-Foxon's counsel has impermissibly distorted the directive of Fed. R. Civ. P. ("Rule") 8(b)(1)(B) by making this purported "admission" in the first sentence of Answer ¶1:

> Defendant admits that medical personnel at Stateville
> Correctional Center provide inmates with adequate
> medical care.

But as counsel well knows, the entire gravamen of Martinez's AC is that he has <u>not</u> received "adequate medical care"--instead he alleges egregious violations of his constitutional entitlement in that respect. Accordingly AC ¶1's first sentence is stricken.

In addition, Olson-Foxon's Answer is followed by four asserted Affirmative Defenses ("ADs"), three of which are out of

synch with the operative rules that govern such defenses under Rule 8(c)(1) and under the caselaw applying that Rule--in that respect, see App. ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).  In this instance:

    1.  AD 1 seeks to invoke qualified immunity on the premise that Olson-Foxon "acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known."  But that is totally at odds with AC ¶¶71-73 and 82-84 and with the earlier allegations on which those paragraphs are based, all of which must be credited for AD purposes.  Hence the issue of potential qualified immunity is undercut by the need for a trial on such contested issues, and AD 1 is stricken.

    2.  AD 2 is just plain wrong, and it too is stricken.

    3.  AD 3, which asserts that Martinez "can not show the Defendant had the requisite intent," is obviously inconsistent with the AC's allegations.  It too is stricken.

                                _____  
                                Milton I. Shadur  
                                Senior United States District Judge

Date:  December 15, 2008