IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN MARTINEZ,  )
 )
       Plaintiff, )
 )
v. ) Case No. 08 C 2601
 )
TAMMY GARCIA, et al., )
 )
       Defendants. )

**MEMORANDUM OPINION AND ORDER**

This Court's November 5, 2012 memorandum opinion and order ("Opinion") ruled on the five motions in limine filed by plaintiff John Martinez ("Martinez") after the May 16, 2012 issuance of the final pretrial order ("FPTO") that the three sets of litigants had submitted jointly. It concluded by forecasting the issuance of a later opinion or opinions dealing with the motions in limine filed on behalf of the two sets of defendants. This memorandum opinion and order treats with the two such motions advanced by the two defendants who are referred to collectively (for convenience) as the "Medical Defendants."

Medical Defendants' Dkt. No. 155 seeks to bar Martinez himself "from testifying and/or presenting evidence concerning matters of medical opinion." If that motion were to be read to preclude Fed. R. Evid. ("Rule") 702 opinion testimony by Martinez, it would be a slam dunk--he certainly does not have the qualifications to offer such opinions. But that is not at all what Martinez' counsel expect to elicit from him, as described in the response to that motion (Dkt. No. 169).

In that respect Martinez is certainly competent to testify about his own medical condition

and the consequent pain and suffering to which he claims the Medical Defendants were deliberately indifferent. And that testimony may well occasion references by Martinez to the treatment he had received on the prior occasion when he had suffered from problems with the other side of his lower back--testimony that could well qualify under Rule 701 rather than Rule 702.

It is obvious that any application of the motion can best be left for the time of trial, when it can be dealt with in real world terms rather than in some blanket advance ruling that may or may not fit the situation that will be encountered at that time. In formal terms the motion can best be described as having been granted in part and denied in part, with any fine tuning to be provided later.

Medical Defendants' Dkt. No. 156 asks that this Court bar the testimony of Martinez' professional opinion witness Dr. Michael Loiacono, or that perhaps as an alternative remedy this Court bar some of Dr. Loiacono's opinions. That first alternative plainly qualifies for what the New Yorker magazine occasionally prints as a filler under the caption "Department of Clotted Nonsense," while the second alternative calls for a bit more discussion.

As for the first suggestion of an outright ban, defense counsel seeks to call into play the provision of Fed. R. Civ. P. 26(a)(2)(B) that the written report required of such an opinion witness must be "prepared and signed by the witness." Counsel then totally mischaracterizes what Dr. Loiacono testified to during his deposition about the generation of his written report (Dep. 12:20 to 13:3):

> A: I told her what my opinions were. I didn't type it up. So it wasn't a report that she wrote and then I corrected. It was a report that I gave her and she typed up --

>      BY MR. TJEPKEMA [defense counsel]
>
>      Q:  Okay.
>
>      A:  -- put it in legal form.

Defense counsel distorts that into an admission (!) that the doctor did not prepare his report. As counsel would have it, the manner in which this Court--a nontypist--has generated this opinion (solely its own work product) would mean that it did not "prepare" the opinion.

Counsel's contention is simply bogus, and he has to know it. This Court is sometimes bemused by the apparent failure of some lawyers to understand that advancing such patently groundless arguments may have the fallout effect of rendering suspect other contentions advanced by those lawyers. Here defense counsel's effort to block Dr. Loiacono's testimony in its entirety is frivolous and is denied out of hand.

As for the Medical Defendants' more limited attack on Dr. Loiacano as a witness, it has several aspects. They will be dealt with here seriatim.

First, Motion ¶8 states:

> It is anticipated plaintiff will attempt to have Dr. Loiacono present evidence concerning plaintiff's medical condition and treatment which occurred after November 7, 2008. This testimony should be barred as plaintiff has a separate suit pending before this Court regarding those matters.

That argument is based on a misunderstanding of the relationship between this action, in which Martinez' most recent statement of claim is embodied in an Amended Complaint filed November 7, 2008, and a separate action filed by Martinez (Martinez v. Ghosh, 10 C 6837) after this Court denied a motion by Martinez' counsel to supplement the Amended Complaint here to include the retaliation and deprivation claims that were then embodied in the 2010-filed lawsuit.

That facet of Medical Defendants' motion is denied.

Next Medical Defendants object to potential testimony by Dr. Loiacono as to possible complications that might have resulted from plaintiff's condition--irreparable nerve damage or a "drop foot" condition--because neither such condition actually ensued. But that misconceives the nature and purpose of such testimony, which is intended instead to buttress the concept of deliberate indifference by identifying the potential risks of such inattention. That aspect of the motion is denied as well.

Finally Medical Defendants' Motion ¶13 points to an asserted inconsistency between Dr. Loiacono's written report that refers to Martinez' suffering from the impingement of a nerve in his lower back "beginning in the fall of 2006" and Dr. Loiacono's testimony at pages 38 and 39 of his deposition that appears to speak of 2009 rather than 2006. This Court is of course unqualified to render its own opinion as to such a specialized question in Rule 702 terms, so that what is said next may well be the result of a lack of understanding--but on that score this Court does not find what it understands to be an answer to that contention in Martinez' response to the motion. Accordingly it is not in a position to rule on that last aspect of the motion until some added response is provided by Martinez' counsel.

## Conclusion

Both of Medical Defendants' motions--Dkt. Nos. 155 and 156--are denied except for the last unresolved piece of the latter motion. Martinez' counsel is ordered to address that subject

with a supplemental submission on or before November 20, 2012.

                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date: November 8, 2012