**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN MARTINEZ**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  08 C 2601 |
| | ) | |
| **TAMMY GARCIA**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This memorandum opinion and order is the last in this Court's trilogy dealing with the post-Final Pretrial Order ("FPTO") motions in limine that had been filed and responded to by the various litigants:  Its November 5, 2012 opinion addressed the motions advanced by plaintiff John Martinez ("Martinez"), and its November 8  opinion spoke to the motions filed by the two defendants referred to collectively (for convenience) as "Medical Defendants."  This opinion turns to the motions tendered by the remaining defendants, a passel of Stateville Correctional Center ("Stateville") personnel who style themselves as "State Defendants":  Danielle Taylor, Sandy Thompson, Wendy Olson-Foxson, Seymour White, Robert Cattaneo, Tammy Garcia ("Garcia"), Terry McCann ("McCann") and Ami Workman ("Workman").

State Defendants' Dkt. No. 163, brought by all of those defendants, seeks to bar the testimony of Martinez' opinion witness Dr. Michael Loiacano, as to whom this Court has already ruled in response to the Medical Defendants' objections to his testimony.  But unlike that other set of challenges, which targeted the claimed insufficiency of Dr. Loiacano's stated opinions about the Medical Defendants' asserted constitutional shortcomings, the State Defendants focus

on Dr. Loiacano's claimed failure to have connected Martinez' serious medical problems (a subject certainly within Dr. Loiacano's area of expertise) to the State Defendants' actions--or in this instance their asserted failures to act.

Defense counsel appear to labor under the misapprehension that an opinion witness must be an all-purpose testifier whose evidence, standing alone, has to be sufficient to establish a defendant's legal responsibility. That of course is not so at all--instead the proof of a defendant's liability regularly comes from more than one source. And in this instance Martinez' counsel will be expected to link up proof from other testimony or documents as to the responsibilities of the State Defendants and as to how their claimed failure to discharge those responsibilities contributed to Martinez' asserted constitutional deprivations.

Under the circumstances, then, State Defendants' Dkt. No. 163 is denied. As this Court's earlier ruling has established vis-a-vis the Medical Defendants, Dr. Loiacano will be allowed to testify as to his opinions. If counsel for Martinez fails to connect the dots as to one or more of the State Defendants at trial, a Fed. R. Civ. P. ("Rule") 50 motion is available to their counsel--and if there is a factual dispute on that score, appropriate instructions will be given to the factfinding jury.

As for State Defendants' Dkt. No. 166, in which all of them--except for Garcia, McCann and Workman--join in seeking to "bar[ ] or limit[ ] evidence and testimony against them at trial as no evidence of their personal involvement in any constitutional violation has been adequately alleged or supported," Martinez' Response at 1 characterizes that effort as "nothing more than an improper attempt to move for summary judgment for insufficient evidence through a motion in limine." That effort to cut off at the pass an integral component of the trial of this case--not only

- 2 -

4-1/2 years after suit was filed but fully half a year after this Court's approval of the FPTO--really abuses the system. Counsel for the State Defendants seem to have conveniently forgotten that they filed a motion for summary judgment on behalf of their other clients--Garcia, McCann and Workman--almost exactly a year ago, stating expressly in n.1 to that motion (Dkt. No. 133):

> The remaining Defendants, Robert Cattaneo, Seymour White, Wendy Olson-Foxson, Danielle Taylor and Sandy Thompson do not move for summary judgment.

Since counsel's memory seems to be short, they are reminded that this Court denied that Rule 56 motion in its January 30, 2012 memorandum opinion and order.

Hence the effort by defense counsel to inject the equivalent of another summary judgment motion at this point--this time as to the remaining State Defendants--is a distortion of the orderly means of resolution of the case. As defense counsel well know from the pretrial conference held very shortly after the parties' joint submission of the proposed FPTO, the case was not then set for a specific trial date only because the litigants' counsel were given time to file motions in limine that could then be ruled on to assist counsel in trial preparation.

Since then the trial has been set to begin on April 22, 2013, and that will provide the proper environment to consider the appropriateness of the earlier-mentioned alternatives of a Rule 50 motion or cautionary jury instructions. As our Court of Appeals put it in Mid-Am. Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996):

> [A]n argument that goes to the sufficiency of...evidence...might be a proper argument for summary judgment or for judgment as a matter of law, it is not a proper basis for a motion to exclude evidence prior to trial.

What it comes down to, then, is that the earlier-announced disposition as to the Dkt. No.

163 motion applies here as well. That is, State Defendants' Dkt. No. 166 is also denied, with the same alternative potential for action at the time of trial.

## Conclusion

With both motions in limine filed on behalf of the State Defendants having been denied, this Court's excursion into all of the litigants' motions is complete. This Court will follow its customary practice of scheduling a date for a voir dire conference shortly before the trial date.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 9, 2012